## VALIDITY OF MORTGAGE EXECUTED BY CORPORATION.

Circuit Court of Hamilton County.

FRITSCH MANUFACTURING CO. v. ELMONT BUILDING & SAVING CO.

Decided, May 23, 1908.

*Corporations—Authority of Officers of, to Sign Mortgage—Parties Dealing With, not Bound to Know that Every Formality has been Complied With.*

The certificate of authority for the signing of a mortgage by officers of a corporation will not be held insufficient because the certificate does not appear to have been recorded in the minutes of the company, where there is evidence that a certificate was authorized by the board of directors and both parties to the mortgage relied on its correctness. *Boesch* v. *Toledo Horse Displaying Co.*, 14 C. C., 289, followed.

*L. J. Dolle* and *W. C. Taylor*, for plaintiff in error.
*R. A. Powell*, contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

From an examination of the evidence in the above case we are of the opinion that the judgment of the court below should be affirmed. While the testimony discloses loose conduct upon the part of the president and treasurer of the plaintiff in error company, who also was treasurer of the defendant in error company, yet the fact remains fairly established that the Clara Fritsch mortgage was assumed by the Fritsch Company and, when the new mortgage was executed in October, 1894, Fritsch, as treasurer of the building association, had cash in his hands which, with the refunding of the balance due on the first mortgage, was within a few hundred dollars sufficient to make the $10,000 loan, and also pay quite a sum to other parties.

A part of the consideration of the mortgage in suit was the cancellation of the Clara Fritsch mortgage, and it is apparent from all the evidence that the Fritsch Company received the benefit of the loan in question and the consideration therefor.

The certificate of authority to the officers to sign the mortgage under the evidence in the case, we think, is sufficient. It is a proper certificate, and while it may not appear recorded in the minutes of the company, yet this would not justify its rejection, where there is evidence that such action was taken by the board of directors, and that both companies acted and relied upon its correctness.

Parties dealing with officers of a corporation are not bound to know that every formality required of such officer has been performed. *Bosche* v. *Toledo Horse Displaying Co.*, 14 C. C., 289.

The form of the mortgage also would not affect the right to recover for the reason, as already stated, the Fritsch Company received the benefits of the transaction.

We, therefore, think the equities of the case are with the defendant in error, and the judgment below will be affirmed.